14h 181
78 AD¹627

WILLIAM BAYNE, PLAINTIFF IN ERROR, *v.* THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANT IN ERROR.

*Chapter 395 of 1871 — proceedings under — are not for benefit of wife, but to protect county — are of a criminal character.*

Chapter 395 of 1871, relating to persons who abandon or threaten to abandon their families in the county of Kings, was not intended to provide a civil remedy for the benefit of wives and children, but to protect and indemnify the public against the expense of supporting paupers, and it partakes of the nature of a criminal proceeding.

The facts that a husband has abandoned his wife and children in some other county or State, and that the wife has subsequently come to and resides in the city of Brooklyn, does not authorize proceedings against the husband to be instituted under said act.

*Certiorari* to review the conviction of the plaintiff in error by a police justice of the city of Brooklyn, on a charge of abandoning his wife and children, the proceedings being instituted under chapter 395 of 1871. From the testimony of relator's wife it appeared that she and the relator were married in Boston; that she lived with him for six years; that she then went to Halifax, Nova Scotia, and had not lived with him since; that she came to Brooklyn from Halifax, and that the relator resided in the city of New York.

*John R. Tresidder,* for the plaintiff in error.

*William Sullivan,* for the defendant in error.

GILBERT, J.:

The magistrate acquired no jurisdiction in this case, for two reasons:

First. The act of abandoning or threatening to abandon a wife or child is a *quasi* criminal offense. It is a mistake to suppose that the act of 1871 (chap. 395) was, or that antecedent statutes of a similar import were passed for the purpose of affording a civil remedy to deserted wives. The law has otherwise provided a civil remedy for such cases. We adhere to our decision on

this point in *People ex rel. Kehlbeck* v. *Walsh* (11 Hun, 292.) The magistrate has jurisdiction only of offenses committed in his county (Laws 1850, chap. 102), with some exceptions that have no application to this case. The evidence of the wife herself totally disproved the allegation that she was abandoned in the city of Brooklyn. The counsel for the people insists that abandonment is a continuous act, and therefore the plaintiff in error was amenable to the jurisdiction of the magistrate, because his wife lived in Brooklyn, and the plaintiff in error refused to support her. The result of that doctrine would be that a wife, who had at any period of time been abandoned by her husband in another county or in another State, might by taking up her residence in Kings county confer jurisdiction upon a justice of the peace to punish him for that offense. No authority for such a proposition has been cited, and it is believed none can be found. It is repugnant to general principles, and to the plain object of the act of 1871 as expressed in its title, which is, "An act in relation to persons who abandon or threaten to abandon their families in the county of Kings." The offense is complete when the abandonment takes place, and it is only one offense whether the separation be long or short. The fundamental error in the proposition of the counsel consists in regarding the proceeding authorized by the act of 1871 as a civil remedy, devised primarily for the benefit of wives and children, whereas it is one to protect and indemnify the public against the expense of supporting paupers, and it partakes of the nature of a criminal proceeding. (11 Hun, *supra*.)

Second. There was no evidence of abandonment. The wife testified that she came to Brooklyn from Halifax, Nova Scotia, where she and her child had been living for ten years with her father, who is well to do; that she came to get some support from her husband; that she was unwilling to live with him, because he threatened to take her life, although she also testified that her husband never struck her, and was very kind to her. Her husband resides in the city of New York. It was her duty to return to him, and offer to live with him. His refusal to accept such an offer, made in good faith, might have been some evidence in support of the charge of abandonment. But there is no evidence of that kind. In short, it is manifest that the wife

has not become, and is not about to become, a burden on the public, but that she seeks to coerce her husband to support her and her child, while she chooses to live separate from him. That shows that she has abandoned her husband, and not that he has abandoned her. A wife may be fully justified in abandoning her husband, but if she does in fact abandon him, no matter for what cause, he is not liable under the act of 1871 for abandoning her; for under that act, neglect to support a wife is not an offense. The conviction should be quashed.

DYKMAN, J., concurred.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Proceedings reversed.